**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JESUS NMN HERNANDEZ DIAZ** | **CIVIL ACTION NO. 26-2339** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE S. MAURICE HICKS, JR.** |
| **MARKWAYNE MULLIN, ET AL.** | **MAG. JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Petitioner Jesus NMN Hernandez Diaz,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Respondents oppose the petition. [doc. # 10]. For reasons that follow, the Court should deny the petition.

## Background

Petitioner is a citizen of Mexico. "Petitioner entered the United States on December 12, 2015, through Texas, and was placed into removal proceedings." [doc. # 1, p. 4]. "He has no criminal convictions, no history of violence or dangerous

---

[1] Petitioner's "A Number" is 242-436-307.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

behavior, aside from a minor nonviolent traffic violation which remains pending, and no pending criminal charges." *Id.* "Throughout his immigration proceedings, Petitioner has consistently complied with all requirements imposed by immigration authorities." *Id.*

ICE detained Petitioner on June 5, 2026. [doc. # 1, p. 5]. Petitioner filed this proceeding on July 2, 2026. He first claims that the Government is detaining him in violation of the Immigration and Nationality Act. [doc. # 1, p. 24]. He argues that DHS has not afforded him a bond hearing: "DHS has not conducted any individualized assessment of whether Petitioner's continued detention is necessary to ensure appearance or protect public safety, nor has it articulated any reasoned basis for rejecting less restrictive alternatives to detention." *Id.* at 26. He adds, "Petitioner's continued detention bears no reasonable relationship to the purposes of the INA. It is not tied to imminent removal, is not supported by any individualized finding of danger or flight risk, and persists solely as a result of a categorical legal interpretation that eliminates all meaningful custody review." *Id.* at 26-27.

Petitioner also claims that the Government is detaining him in violation of his right to due process. [doc. # 1, p. 27]. He contends: "Petitioner's detention has already approached one month and, given the complexity and backlog associated with asylum and CAT proceedings for Mexican nationals, is likely to continue for many additional months or years. Absent any mechanism for individualized review,

Petitioner faces a substantial risk of prolonged or indefinite detention under penal like conditions without any finding that his confinement is necessary to serve the government's legitimate interests." *Id.* at 29-30. He adds: "Petitioner is detained pursuant to a regime in which: A. No immigration judge may conduct a bond hearing; B. DHS is not required to justify continued detention with evidence; and C. No neutral decisionmaker is empowered to order release, regardless of the Petitioner's lack of danger or flight risk." *Id.* at 30.

Petitioner next claims that the Government is violating the Administrative Procedure Act ("APA"). Next, Petitioner claims that the Government is violating his right to equal protection of the law. [doc. # 1, p. 33]. Petitioner claims further that the Government is violating the Suspension Clause of the United States Constitution. [doc. # 1, p. 36]. Finally, Petitioner claims that the Government is violating the *Accardi* Doctrine. [doc. # 1, p. 39].

Respondents opposed the petition on August 24, 2026. [doc. # 10]. Petitioner filed a deficient reply on September 8, 2026. [doc. # 11].

## **Law and Analysis**

### **I. 8 U.S.C. § 1225 Vs. 8 U.S.C. § 1226**

The Fifth Circuit Court of Appeals held that aliens who have not been admitted may be detained without bond hearings under 8 U.S.C. § 1225(b)(2)(A) even when they have been present in the United States for many years. *Buenrostro-*

*Mendez*, 166 F. 4th 494, 502 (5th Cir. 2026). In reaching its conclusion, the court analyzed the meaning of "seeking admission" and "applicants for admission" in 8 U.S.C. § 1225. *Id.* The court concluded that "applicants for admission," which includes all aliens who have not previously been admitted to the United States, are necessarily "seeking admission" and, therefore, subject to mandatory detention under § 1225(b)(2)(A). *Id.*

Here, *Buenrostro-Mendez* governs Petitioner's detention status: he is detained under Section 1225. Under 8 U.S.C. § 1225(b)(1)(B)(ii) (emphasis added), "If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien *shall be detained* for further consideration of the application for asylum." Under Section 1225(b)(1)(B)(iii)(IV) (emphasis added), "Any alien subject to the procedures under this clause *shall be detained* pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." Under section 1225(b)(2)(A) (emphasis added), "Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title."

Plainly, Section 1225 does not authorize release on bond. *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). Petitioner is, therefore, not statutorily entitled to bond or a bond hearing. The Court should dismiss his statutory claim accordingly.

**II. Due Process**

Petitioner claims that the Due Process Clause entitles him to release or to a bond hearing. In *Dzheison Ford v. Timothy Ducote, et al*., 3:20-cv-1170, Doc. 19, (W.D. La. Nov. 2, 2020), the district judge opined in pertinent part:

> In *Department of Homeland Security v. Thuraissigiam*, 140 S.Ct. 1959 (2020), a Sri Lankan national was stopped 25 yards after crossing the southern border of the United States. He was detained for expedited removal. An asylum officer rejected his credible fear claim. Thuraissigiam then filed a federal habeas corpus petition in which he, for the first time, asserted a fear of persecution and requested a new opportunity to apply for asylum. In reversing the appellate court, the Supreme Court found the detention did not violate the Due Process Clause. Although not a case of unreasonable detention, the case is important as to Due Process rights for illegal aliens. Citing *Nishimare Ekin v. United States*, 142 U.S. 651, 660 (1892), the Court held that with regard to foreigners who have never been naturalized or acquired any domicile or residence in the United States, "'the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law.'" 140 S. Ct. at 1977.
>
> In *Demore v. Kim*, 538 U.S. 510 (2003), Kim had entered the United States lawfully and had resided in this country for over 10 years before committing a crime, which made him deportable. Like Ford, Kim argued his mandatory detention violated due process when no determination had been made whether he posed a danger to society or a flight risk. Also, like Ford, Kim asked for an individualized bond hearing which was not authorized under the statute. Both the District Court and the Court of Appeals for the Ninth Circuit found the detention without a bond hearing violated Kim's due process rights.

> In reversing the District Court and Ninth Circuit, the Supreme Court held detention during these proceedings did not violate Kim's due process rights.
>
> Also, like Ford, Kim relied on the case of *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, two aliens were held pending removal after final order of deportation. However, no country would take them, so their detention continued for years beyond the 90–day removal period of 8 U.S.C. §1231(a). The Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is not authorized by the statute." *Id*. at 699. The Supreme Court concluded that six months was a presumptively reasonable period of detention, beyond the removal period, to remove aliens ordered deported. *Id*. at 702.
>
> The *Kim* Court held that *Zadvydas* was materially different because the detention of the aliens in *Zadvydas* was "indefinite" and "potentially permanent." Therefore, the correct standard to apply is to determine whether Ford's detention is "indefinite" or "potentially permanent."
>
> Ford's detention is not "indefinite" or "potentially permanent." Ford's detention ends when the removal proceedings end. Ford's focus on "unreasonable detention" is incorrect. As long as Ford's detention is not "indefinite" nor "potentially permanent," Ford's due process rights are not violated. See also *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018).

Here, Petitioner is not constitutionally entitled to a bond hearing. *See Demore*, 538 U.S. at 531 ("Detention during removal proceedings is a constitutionally permissible part of that process.").[3] As in *Ford*, Petitioner's detention is not indefinite or potentially permanent. An immigration judge ordered him removed on

[3] *See also Romero v. Tate*, 2026 WL 1067566, at *1 (S.D. Tex. Apr. 20, 2026); *Bekboev v. Vergara,* 2026 WL 1011244, at *1 (S.D. Miss. Apr. 14, 2026); *Mlaih v. Noem*, 2026 WL 787536, at *4 (N.D. Tex. Mar. 19, 2026).

August 31, 2026. To date, Petitioner still has time to appeal. Any appeal will likely extend his detention until the Board of Immigration Appeals rules.

Accordingly, the Court should deny Petitioner's claim. Petitioner may of course re-file his claim if his detention becomes indefinite or potentially permanent.

**III. Suspension Clause**

The Suspension Clause provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. CONST. ART. I, § 9, cl. 2.

Here, neither the Government nor this Court is suspending the privilege of the writ of habeas corpus. In fact, the Court *is* reviewing and adjudicating Petitioner's petition and constitutional claims now. Accordingly, the Court should deny this claim.

**IV. Equal Protection**

Petitioner claims that the Government is violating his right to equal protection of the law. [doc. # 1, p. 33]. He argues: "Petitioner's disparate treatment rests solely on DHS's post-hoc classification of him as an 'applicant for admission' under INA § 235(b), based on disputed and unreviewed allegations regarding the manner and timing of his entry—facts never adjudicated in a custody hearing and never tested before a neutral decisionmaker." *Id.* at 34.

Petitioner, however, simply challenges the ruling in *Buenrostro-Mendez* that he qualifies as an 'applicant for admission.' *Buenrostro-Mendez*, 166 F. 4th at 502. This Court cannot disturb the Fifth Circuit's ruling.

Petitioner also appears to suggest that he is treated differently than others who are subject to authority/precedent from other circuits. However, "Differential treatment based on jurisdiction alone does not violate the Equal Protection Clause." *Cain v. City of New Orleans*, 327 F.R.D. 111, 120 (E.D. La. 2018). Accordingly, the Court should deny this claim.

**V. *Accardi* Doctrine**

Petitioner claims that the Government is violating the *Accardi* Doctrine. [doc. # 1, p. 39]. He argues that ICE detained him without a judicial warrant and that there "was no factual basis to conclude that Petitioner was 'likely to escape before a warrant could be obtained,' as required by 8 C.F.R. § 287.8(c)(2)(ii)." *Id.* at 40. According to Petitioner: "ICE officers, therefore, failed to comply with a mandatory regulatory prerequisite to a lawful warrantless arrest." *Id.*

Because it concerns the Court's power to decide the case, "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (quoting *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021)). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation

omitted). Several sections of the Immigration and Nationality Act curtail the jurisdiction of federal district courts in immigration cases. *See Jennings v. Rodriguez*, 583 U.S. 281, 292-96 (2018).

Here, 8 U.S.C. § 1252(g) (emphasis added), strips the Court of jurisdiction over Petitioner's claim. Section 1252(g), provides: "Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien *arising from the decision or action by the Attorney General to commence proceedings*, adjudicate cases, or execute removal orders against any alien under this chapter." Petitioner's claim arises from a decision to commence removal proceedings against him.[4] Accordingly, the Court should dismiss it.

[4] *See Guerra Quezada v. United States*, No. 25-10372, 2026 WL 2364302, at *3 (5th Cir. Aug. 14, 2026) (finding that the petitioner's false arrest claim was a challenge to the "'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders'" under 8 U.S.C. § 1252(g)); *Sissoko v. Rocha*, 509 F.3d 947, 950 (9th Cir. 2007) ("[W]e hold that 8 U.S.C. § 1252(g)'s jurisdiction-stripping language covers the Sissokos' false arrest claim."); *Limpin v. United States*, 828 F. App'x 429 (9th Cir. 2020) (opining, where a petitioner alleged that he was wrongfully arrested and detained in connection with removal proceedings, that the "district court properly dismissed [the] action for lack of subject matter jurisdiction because claims stemming from the decision to arrest and detain an alien at the commencement of removal proceedings are not within any court's jurisdiction."); *Gupta v. McGahey*, 709 F.3d 1062 (11th Cir. 2013) (finding, where a petitioner argued that agents illegally created an arrest warrant, illegally

**VI. Administrative Procedure Act**

Petitioner claims that the Government is violating the APA.

Under the APA, courts may set aside unlawful, unconstitutional, or arbitrary and capricious agency actions. 5 U.S.C. § 706(2). Here, however, the Government (as explained above) is statutorily and constitutionally authorized to detain Petitioner. Thus, Respondents are not violating the APA by continuing to detain him.

**Recommendation**

For reasons above, **IT IS RECOMMENDED** that Petitioner Jesus NMN Hernandez Diaz's petition be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

---

arrested him, and illegally detained him, that Section 1252(g) barred the court from reaching the merits of the claims).

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass* v. *United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana, this 11th day of September, 2026.

Carol B. Whitehurst
United States Magistrate Judge